# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed April 23, 2004)**

| | | |
|---|---|---|
| **NIAGARA MOHAWK POWER CORPORATION, NEW YORK STATE ELECTRIC & GAS CORPORATION, ROCHESTER GAS AND ELECTRIC CORPORATION, AND CENTRAL HUDSON GAS & ELECTRIC CORPORATION,** | ) | |
| **Plaintiffs,** | ) | **No. 04-125-FMA** **(Judge F. M. Allegra)** |
| **v.** | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS NIAGARA MOHAWK POWER CORPORATION, NEW YORK STATE ELECTRIC & GAS CORPORATION, ROCHESTER GAS AND ELECTRIC CORPORATION, AND CENTRAL HUDSON GAS & ELECTRIC CORPORATION'S COORDINATED DISCOVERY REPORT**
**PURSUANT TO THE COURT'S ORDER DATED APRIL 13, 2004**

Pursuant to this Court's Order regarding "Pre-Discovery Conference New SNF Cases" dated April 13, 2004, Plaintiffs, Niagara Mohawk Power Corporation, New York State Electric & Gas Corporation, Rochester Gas and Electric Corporation, and Central Hudson Gas & Electric Corporation provide this pre-discovery report with respect to this individual case. Although the Government has not filed any answer or motion to stay in this case, Plaintiffs note generally that

they are not in favor of joint or coordinated discovery in this case. Plaintiffs are not opposed to a stay of proceedings of a limited duration in this case, but reserve the right to respond to any motion for stay if and when it is filed. Plaintiffs respond to the Court's four inquiries as follows:

1. *The Nature and Scope of Discovery Plaintiffs Anticipate Needing to Respond to the Government's Standard Dispositive Motion on the Rate of Acceptance* – Unlike the spent nuclear fuel ("SNF") cases that have been pending before this Court for years, Plaintiffs' case involves a nuclear plant that has been sold and the diminution of the value of the plant caused by the Government's failure to comply with its obligations under the Nuclear Waste Policy Act of 1982, 42 U.S.C. § 10101 et seq. ("NWPA"). Plaintiffs are not aware of any intention on the part of the Government to file its "Standard Dispositive Motion" on the rate of SNF acceptance in this case. If the Government does file such a motion in this case, to the extent such a motion does not raise issues that were not present in connection with the motion in cases in which discovery has been taken, whether because of the posture of this case or the position of the Government, Plaintiffs believe that the discovery conducted in previously filed cases relative to the SNF acceptance rate is applicable and should be utilized in this case. Plaintiffs reserve the right to seek supplemental responses to discovery requests in previously filed cases, new documents, and deposition testimony related to such responses and

documents. Moreover, to the extent new issues were raised by the Government, additional discovery would be necessary; however, Plaintiffs do not believe that joint or coordinated discovery would be appropriate.

2. *Any Circumstance that Might Affect the Timing of Discovery or Trial* – The Government sought and received an extension of time to file an answer in this case to April 19, 2004, and on that day requested a second extension to May 10, 2004, which was granted on April 22, 2004. In addition, the Government has not moved for a stay of proceedings in this case, as it has in other cases. Because the Government has not filed an answer or motion in this case, the Government's position is unknown and Plaintiffs have not determined if there is a circumstance that might affect the timing of discovery or trial.

3. *If Known, Whether Discovery, Including Depositions, Previously Provided in the Old Cases on the Same Issues Would Suffice in the New SNF Case (if the Government Consented to its Full Use in the New Case)* – The Plaintiffs are not aware that the Government intends to file its "Standard Dispositive Motion" on the rate of SNF acceptance in this case. If the Government does file such a motion in this case, to the extent such a motion does not raise issues that were not present in connection with the motion in cases in which discovery has been taken, whether because of the posture of this case or the position of the Government, Plaintiffs believe the previously conducted discovery in the older SNF cases should be

sufficient except for supplemental responses, new documents, and deposition testimony related to such responses and documents. To the extent new issues were raised by the Government's motion, additional discovery would be necessary; however, Plaintiffs do not believe that joint or coordinated discovery would be appropriate.

4. *Additional Responses to the Government's Motion to Stay or Coordinate Discovery* – The Government has not filed an answer or a motion to stay or coordinate discovery in this case.

With the Court's permission, Plaintiffs' counsel will attend the April 30, 2004, pre-discovery conference via telephone.

Dated: April 23, 2004

Respectfully submitted,

s/ M. Stanford Blanton

BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
COUNSEL OF RECORD FOR PLAINTIFFS, NIAGARA MOHAWK POWER CORPORATION, NEW YORK STATE ELECTRIC & GAS CORPORATION, ROCHESTER GAS AND ELECTRIC CORPORATION, AND CENTRAL HUDSON GAS & ELECTRIC CORPORATION

**OF COUNSEL:**

Ed R. Haden
K.C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P. O. Box 306
Birmingham, AL 35204
Phone: (205) 251-8100
Fax: (205) 226-8798

**CERTIFICATE OF FILING**

I hereby certify that on this 23rd day of April, 2004, I caused a copy of the foregoing to be filed electronically with the Court. Pursuant to the Court's General Order No. 2003-42, Part V., the Notice of Electronic Filing generated by the Court's Electronic Filing System at the time the foregoing was filed was automatically sent to all participants who are registered to use the Electronic Filing System. Pursuant to the Court's General Order No. 2003-42, Part V., electronic notification constitutes service under RCFC 5 and proof of service under RCFC 5.1. According to the Electronic Filing System, the following lead counsel for the opposing party in this case is registered on the Electronic Filing System:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division -- Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-6288

Attorney for Defendant

s/ M. Stanford Blanton