# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed May 19, 2004)**

| | | |
|---|---|---|
| **NIAGARA MOHAWK POWER CORPORATION, NEW YORK STATE ELECTRIC & GAS CORPORATION, ROCHESTER GAS AND ELECTRIC CORPORATION, AND CENTRAL HUDSON GAS & ELECTRIC CORPORATION,** | ) | |
| **Plaintiffs,** | ) | **No. 04-125-FMA** |
| **v.** | ) | **(Judge F. M. Allegra)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS NIAGARA MOHAWK POWER CORPORATION, NEW YORK STATE ELECTRIC & GAS CORPORATION, ROCHESTER GAS AND ELECTRIC CORPORATION, AND CENTRAL HUDSON GAS & ELECTRIC CORPORATION'S RESPONSE TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS OR, IN THE ALTERNATIVE, FOR COORDINATED DISCOVERY REGARDING RATE AND SCHEDULE ISSUE**

In response to the Defendant's May 10, 2004, Motion for Stay All Proceedings or, in the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues, Niagara Mohawk Power Corporation, New York State Electric & Gas Corporation, Rochester Gas and Electric Corporation, and Central Hudson Gas & Electric Corporation ("Plaintiffs"): (1) agree that a stay is in order; (2) request

that the stay be limited in duration until December 31, 2004, with the parties to inform the Court of the appropriateness of a continuation of the stay at that time; and (3) oppose any coordinated discovery.

Plaintiffs filed their complaint regarding spent nuclear fuel ("SNF") on January 29, 2004, to fall within the applicable statute of limitations. Consistent with their Pre-Discovery Report, Plaintiffs filed in this case on April 23, 2004, the Pre-Discovery Conference held by Judge Sypolt for all new SNF cases on April 23, 2004, and the Coordinated Discovery Report jointly filed by plaintiffs and the Government regarding all the new SNF cases with Judge Sypolt on May 7, 2004, in *Niagara Mohawk v. United States*, No. 04-124C, and with Chief Judge Damich in *Entergy Nuclear Fitzpatrick, LLC v. United States*, No. 03-2627C, on May 7, 2004. Plaintiffs are not interested in pursuing active motions practice or discovery at this time.

On May 10, 2004, the Government moved to stay all proceedings until the termination of the trials in *Commonwealth Edison Co. v. United States*, No. 98-621C (Hewitt, J.); *Yankee Atomic Electric Co. v. United States*, No. 98-126C (Merow, S.J.); *Indiana Michigan Power Co. v. United States*, No. 98-486C (Hodges, J.); and *Sacramento Municipal Utility District v. United States*, No. 98-488C (Braden, J.). The Government seeks a stay until the trials of all of those cases is completed. (Gov.'s Mot. to Stay, at 1.)

On May 12, 2004, Chief Judge Damich stayed discovery on "the rate of acceptance and damages issues, and/or any discovery duplicative of information from previous coordinated discovery in SNF cases" until December 31, 2004, in *Dairyland Power Cooperative v. United States*, No. 04-106C. On May 17, 2004, Judge Sypolt stayed such discovery until December 31, 2004, in *Niagara Mohawk v. United States*, No. 04-124C.[1]

Because certain rulings in new cases such as *Delmarva Power & Light Co. v. United States*, No. 04-0034C (Miller, J.), and in old cases such as the ones mentioned by the Government in its Motion to Stay, *supra*, may help shape some of the legal and factual issues in this case, Plaintiffs join with the Government in their desire to stay all the proceedings in this case. This case, however, does not involve a nuclear power plant that was shut down as in *Yankee Atomic*, or multiple nuclear power plants as in *Commonwealth Edison*. Thus, it is inappropriate to stay the proceedings in this case until the trials of all issues in *Commonwealth Edison Co.*; *Yankee Atomic Electric Co.*, *Indiana Michigan Power Co.*; and *Sacramento Municipal Utility District* are completed because some of those issues may be irrelevant to this case. Instead, Plaintiffs ask the Court to stay all the proceedings

[1] *Niagara Mohawk*, No. 04-124C, involves Niagara Mohawk's claims arising from its 100 percent ownership and sale of the Nine Mile Point, Unit 1 nuclear power plant. This case -- *Niagara Mohawk, et al.*, No. 04-125C -- arises from the four Plaintiffs' joint ownership and sale of the Nine Mile Point, Unit 2 nuclear power plant.

for the same time period as Chief Judge Damich and Judge Sypolt provided in their stay orders -- until December 31, 2004, in *Dairyland Power Cooperative*, and *Niagara Mohawk* -- and direct the parties thereafter to apprise the Court of the appropriateness of a continued stay at that time.

Further, Plaintiffs oppose coordinated discovery, the alternative requested by the Government in its Motion to Stay at p. 13, because the time and expense involved in such procedure may not be necessary or may be made more efficient by developments in other cases. In any event, Plaintiffs and the Government agree that such coordination need not be addressed if this Court issues a stay in this case.

**CONCLUSION**

Accordingly, Plaintiffs: (1) agree with the Government that a stay is appropriate in this case; (2) request that the stay be limited in duration until December 31, 2004, with the parties to inform the Court of the appropriateness of a continuation of the stay at that time; and (3) oppose any coordinated discovery.

Dated: May 19, 2004

Respectfully submitted,

s/ M. Stanford Blanton

BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
COUNSEL OF RECORD FOR PLAINTIFFS, NIAGARA MOHAWK POWER CORPORATION, NEW YORK STATE ELECTRIC & GAS CORPORATION, ROCHESTER GAS AND ELECTRIC CORPORATION, AND CENTRAL HUDSON GAS & ELECTRIC CORPORATION

**OF COUNSEL:**

Ed R. Haden
K.C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P. O. Box 306
Birmingham, AL 35204
Phone: (205) 251-8100
Fax: (205) 226-8798

**CERTIFICATE OF FILING**

I hereby certify that on this 19th day of May, 2004, I caused a copy of the foregoing to be filed electronically with the Court. Pursuant to the Court's General Order No. 2003-42, Part V., the Notice of Electronic Filing generated by the Court's Electronic Filing System at the time the foregoing was filed was automatically sent to all participants who are registered to use the Electronic Filing System. Pursuant to the Court's General Order No. 2003-42, Part V., electronic notification constitutes service under RCFC 5 and proof of service under RCFC 5.1. According to the Electronic Filing System, the following lead counsel for the opposing party in this case is registered on the Electronic Filing System:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division -- Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-6288

Attorney for Defendant

s/ M. Stanford Blanton