IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NIAGARA MOHAWK POWER CORPORATION, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-0125C |
| | ) | (Judge Allegra) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Defendant, the United States, respectfully submits this status report to notify the Court of a development in this case that renders the motion for summary judgment that the parties discussed with the Court on May 21, 2004, inappropriate.

During the parties' status conference with the Court, counsel for defendant identified an issue relating to plaintiff's non-payment of its one-time fee, as required by Article VIII.B.2(b) of the Standard Contract. As we discussed at the status conference, a contract holder's non-payment of that one-time fee, which would have to be paid before the Department of Energy ("DOE") would have any obligation to accept the contract holder's spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW"), affects the contract holder's ability to recover damages under a partial breach theory based upon DOE's delay in beginning SNF acceptance. Prior to the parties' status conference in this case, the Department of Energy ("DOE") had provided the Department of Justice with a list of those utilities that have not paid their one-time fee, and DOE identified the plaintiff in this case (as the former owner of Nine Mile Point Unit 2) and in a companion case, Niagara Mohawk Power Corp. v. United States, No. 04-124C (Fed. Cl.) (Sypolt, J.) (as the former owner of Nine Mile Point Unit 1), as not having paid its one-time fee.

After the parties' status conference, counsel for plaintiff contacted counsel for defendant to identify a discrepancy in the information that counsel for defendant had received. Upon

further investigation after counsel for plaintiff's telephone call, counsel for defendant has confirmed that the information which we received from DOE had incorrectly identified this case as one for which a one-time fee payment is still due.

Specifically, the two reactors that Niagara Mohawk Power Corporation once owned – Nine Mile Point Unit 1 and Nine Mile Point Unit 2 – were built at different times and are the subject of separate Standard Contracts.[1] For Nine Mile Point Unit 1, which is the subject of a complaint pending before Judge Sypolt, neither Niagara Mohawk Power Corporation nor any other entity has ever paid the one-time fee owed pursuant to the Standard Contract at issue in that case, and the matters that we discussed with the Court at the parties' status conference on May 21, 2004, apply to the plaintiff's ability to recover damages in that case based upon DOE's delay in beginning SNF acceptance. Specifically, the one-time fee required by Article VIII.B.2(b) is a fee to pay for the disposal of SNF "discharged prior to April 7, 1983, and for in-core burned fuel as of 12:00 A.M. April 7, 1983." 10 C.F.R. § 961.11, Art. VIII.B.2. The holder of the contract at issue in Niagara Mohawk, No. 04-124C, still must pay this fee.

However, the Standard Contract at issue in this particular case was not entered until a few years after 1983, and the Nine Mile Point Unit 2 reactor did not begin operation until well after 1983. Because the one-time fee provision that the parties discussed at the status conference in this case deals with SNF generated prior to 1983, and because the Nine Mile Point Unit 2 reactor did not generate any SNF prior to 1983, no one-time fee payment is due under the Standard

---

[1] Niagara Mohawk Power Corporation is suing as the former owner of these two reactors. Another entity, Constellation Generation Group, LLC, has filed suit as the assignee of the plaintiff's two Standard Contracts, in Docket No. 04-68C, which is pending before Senior Judge Margolis. When these three cases proceed, it will be necessary to address whether the three pending cases need to be consolidated, given that the Constellation case involves the same Standard Contract at issue in this case and in Docket No. 04-124C.

Contract at issue in this case. Accordingly, our discussion of a potential defense to the plaintiff's contract claim in this case at the parties' May 21, 2004 status conference was incorrect.

We apologize for this error. Pursuant to our investigation of the facts surrounding the Standard Contract at issue in this case, we will not be filing a motion for summary judgment regarding the matters discussed at the parties' May 21, 2004 status conference. Instead, as discussed in the Government's motion to stay proceedings in this case, and recognizing the position that the plaintiff has taken in its May 19, 2004 response to that motion, we respectfully request that the Court continue the existing stay of proceedings in this case through December 31, 2004, at which time the parties may file status reports with the Court and evaluate the status of other pending litigation and its potential effect upon this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

June 23, 2004

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of June 2004, a copy of foregoing "DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.